# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

*vs*.                                          **CRIMINAL ACTION NO. 2:04CR14**

**CHARLES E. VAUGHN,**

    **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

### I

### Statement of Facts

The Grand Jury returned a superseding indictment against Defendant Charles Vaughn on August 17, 2004 charging in Count One, the only count in the superseding indictment that "Beginning by at least September 27, 1999 and continuing up to the date of this indictment, ... the defendant ... did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him to the Unites States of America for the calendar year 1993 ... by taking affirmative acts of evasion such as:

1)      ... September 27, 1999, the defendant filed a false Offer in Compromise, in which he failed to disclose that since at least 1995, he had been transferring personal income and assets into companies and accounts he controlled and had been devoting these assets to his personal use;

2)      ... December of 1999, the defendant issued monthly checks drawn on a bank account in the name of a corporate nominee representing mortgage payments to his personal residence;

3)      ... January of 1998, through April of 2002, the defendant deposited in excess of $384,000 to a bank account held in the name of a corporation under his control, and he made disbursements of $367,000, most of which were personal in nature, ...;

4) ... tax years 1999 through 2002, the defendant concealed from the Internal Revenue Service additional taxable income of approximately $606, 502 to lead the Internal Revenue Service into believing he did not have sufficient income with which to pay the income tax due and owing by him to the United States of America for the calendar year 1993;

5) On this additional income, the defendant owed approximately $188, 647 to the Internal Revenue Service;

6) And other acts of evasion."

## II

## Motions To Dismiss Or Motion In Limine

### A. Contentions

On January 20, 2005 Defendant filed his "Motion To Dismiss" (Docket Entry 34); his "Motion To Dismiss Of The Indictment Or In The Alternative Motion In Limine To Exclude Evidence Regarding Certain Allegations In The Indictment" (Docket Entry 35); and his "Motion In Limine And Supplemental Points And Authorities In Support Of Motion To Dismiss" (Docket Entry 41).

On the 8th day of February, 2005, came the Defendant, Charles E. Vaughn, in person and by Joel F. Hansen and David H. Wilmoth, his counsel, and also came the United States of America by its Assistant United States Attorney, Robert H. McWilliams, Jr., pursuant to the Amended Initial Scheduling Order setting hearing on referred pre-trial motions [Docket Entry 23].

Prior to conducting further proceedings, the undersigned excused David H. Wilmoth, local counsel, from further participation in the motions hearing only, advising him and out-of-state lead counsel, Joel F. Hansen, that the local rule required *pro hac vice* local counsel to be present at all

proceedings.

Thereafter, the undersigned took up motions referred by the District Court including but not limited to Defendant's "Motion To Dismiss" (Docket Entry 34); his "Motion To Dismiss Of The Indictment Or In The Alternative Motion In Limine To Exclude Evidence Regarding Certain Allegations In The Indictment" (Docket Entry 35); his "Motion In Limine And Supplemental Points And Authorities In Support Of Motion To Dismiss" (Docket Entry 41). Thereafter, the undersigned took Docket Entries 34, 35 and 41 under advisement.

Defendant contends in "Motion To Dismiss" (Docket Entry 34) that the indictment should be dismissed because:

1) "a timely assessment was never made";

2) "the notice of rejection of OC [offer in compromise] is mandatory" and

3) "there was never any notice and demand for the taxes allegedly due".

Defendant further contends in his "Motion To Dismiss Of The Indictment Or In The Alternative Motion In Limine To Exclude Evidence Regarding Certain Allegations In The Indictment" (Docket Entry 35) that:

1) paragraph one of the superseding indictment should be dismissed because he told the IRS he would remain responsible for the full amount of the tax liability unless and until IRS accepts the offer in writing and he met all of the terms and conditions of the offer and the IRS rejected his offer in compromise without ever telling him it had done so.

2) paragraph two of the superseding indictment should be dismissed because whether Vaughn issued checks on a corporate account in payment of his personal mortgage after his offer in compromise of September 27, 1999 in an effort to conceal income is irrelevant under Rule

2) 402 and 403 relative to whether he was attempting to evade or defeat payment of taxes for the tax year 1993.

3) paragraph three and four of the superseding indictment should be dismissed except for the period between January of 1998 and September 27 1999 because the remainder of the time asserted is "irrelevant, prejudicial, confusing and a waste of time with respect to the claim of concealing income as part of evasion or defeat of income taxes owed to the United States.

4) paragraph five of the superseding indictment alleging Vaughn owes $188,647.00 to the Internal Revenue Service for the years 1999 to 2002 should be dismissed or excluded from the evidence because there is no charge that Vaughn evaded taxes for the tax years 1999 through 2002 and has no relevance to the allegation that he evaded payment of $30,248 in taxes due for the year 1993.

5) "[O]ther acts of evasion" should be dismissed because the clause is not sufficient to inform Vaughn of the charges being made against him in order for him to defend himself

Defendant contends in his "Motion In Limine and Supplemental Points and Authorities In Support of Motion To Dismiss on Charles Vaughn" that: 1) because the IRS did not inform him (give him notice) that his offer in compromise was being rejected 2) did not send him a request for more information to explain or support his offer in compromise in violation of its own regulations, Vaughn had reason that his offer in compromise was still pending and under consideration; could be amended by him if necessary and would not be rejected unless he was first notified so in writing and given an independent administrative review of the decision to reject. Vaughn also contends that the IRS is prohibited from referring a case to the DOJ during the period an offer in compromise is pending.

United States contends assessment under IRS regulations is not a pre-requisite for prosecution for evasion. The United States rejects any contention that evasion cannot take place until it has notified Vaughn of it's decision with respect to his offer in compromise and he has had the right to appeal that decision. Instead, the United States asserts the crime of evasion began with the offer in compromise wherein Vaught claimed he had "insufficient assets and income to pay the full amount" and offered to pay only $400.00 of the $30,248 Tax Court judgment.

## B. Issue

Simply stated, the issues under consideration are: Is assessment a pre-requisite to prosecution for wilful evasion of income taxes under 26 U.S.C. § 7201? Is prosecution for wilful evasion of income taxes precluded while an offer in compromise is pending or has not been formally rejected?

## C. Discussion

**Assessment:**

Defendant Vaughn argues there can be no prosecution for tax evasion unless and until the IRS has issued a valid assessment. The bases for the argument appear to be:

1) Statutory language requires proof of assessment as condition precedent to prosecution.
2) The IRS is bound to follow its own regulations and until it does and an assessment is made, no tax is due and therefore no evasion of any tax can take place.
3) The judgment of a tax court is not an assessment within the meaning of IRS regulations.

**Statutory Language**

Vaughn's innovative argument, while intriguing, lacks support in the plain language of 26

U.S.C. §7201.

26 U.S.C. §7201 provides in pertinent part: "Any person who willfully attempts in any way to evade or defeat ***any tax imposed by this title or the payment thereof*** shall, in addition to other penalties provided by law, be guilty of a felony ...." (emphasis added by the undersigned).

The statute does not use the language: to evade or defeat any tax *assessed* by this title or the payment thereof. The term *assessed* does not appear within the statute criminalizing evasion. It seems elementary that the language "any tax imposed" means any tax due and owing. United States v. Dack 747 F.2d 1172, 1174 (7th Cir. 1984); United States v. Hogan, 861 F.2d 312, 316 (1st Cir. 1988); Unites States v. McGill, 964 F.2d 222,229 (3rd Cir. 1992). The DC Court of Appeals views the statutory language even broader defining tax evasion as the intent to evade payment of all taxes owed, or "which appellant expected to owe." United States v. Shorter 809 F.2d 54, 57 (C.A.D.C. 1987) As the United States argues, if the statutory language "any tax imposed" was synonymous with "any tax assessed" the United States would be required to prove as an element of the offense that an IRS employee had entered an assessment of tax before a criminal prosecution for evasion would be possible. This permit those who never file a return to defeat prosecution for tax evasion by simply claiming no assessment of tax had been made notwithstanding their not having ever filed a tax return. Defendant has not cited a case which stands for this proposition.

Defendant in his response to Government's Opposition To Defendant's Supplemental Points and Authorities filed April 20, 2005 (pages 1 and 2) argues that Dack, *supra* at 1175 supports his contention that the government must be able to allege and prove there was a valid tax assessment before there can be a prosecution for evading the payment of taxes. Counsel for Defendant specifically argued: "The prosecution failed to inform this Court that the *Dack* Court clearly ruled

at page 1175: "But when ***the crime charged*** is one of evading the payment of taxes ***that have been assessed*** in civil proceedings, the Government must prove the existence of a valid tax assessment." (Emphasis added by the undersigned). Counsel further argues: "To repeat the government, 'MUST PROVE THE EXISTENCE OF A VALID ASSESSMENT!' The defense wholeheartedly agrees. ... The defense believes the Superceding Indictment reads that Mr. Vaughn is being charge with, '**Evasion of Payment of an Assessed Federal Income Taxes.**' ... Accordingly, a valid tax assessment IS an element of the offense charge against Mr. Vaughn and the government has fialed to provide such a valid assessment document exists. ... ***but a valid assessment is indeed an element of the offense charged against Mr. Vaughn.***"

The undersigned believes Defendant is in error with respect to his understanding of the superseding indictment and his interpretation of the law of <u>Dack</u> and how that law applies to his case.

First, in the instant case, the Government has not alleged in its superseding indictment that Vaughn was evading the payment of a validly assessed tax. The superseding indictment charges in pertinent part: "did willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him to the United States. ..." The body of the charge in the superseding indictment does not use the term "assessed" or "assessment." It does contain surplus language which is not part of the charge: "(Evasion of Payment of Assessed Federal Income Taxes)." This parenthetical caption is not part of the actual charge and does not ad any element to the charged offense. When the body of the charge is read in juxtaposition with the parenthetical caption, one easily understands the parenthetical caption is mere surplusage to be discarded.

Second, <u>Dack's</u> holdings cannot be applied to the facts of Vaughn's case as Counsel for

7

Defendant would have the undersigned believe. Edwin E. Dack was indicted for attempting to "evade and defeat ... income tax due and owing" for the period between 1977 and 1981. The language in the indictment against Dack mirrors the language of the superseding indictment against Vaughn. Dack stated an intent to cease paying taxes. The United States provided proof that in furtherance of his stated intent, Dack quit his job but continued do the same work as an independent contractor for his former employer. No formal assessment of tax was made against Dack prior to his prosecution on tax evasion charges. At trial the United States offered proof to the effect that Dack had annual gross income between $24,000 and $38,000 making his unpaid tax liability between $700 and $6,000 annually. The trial court instructed the jury that "it is not a defense to the charges in the indictment that the Internal Revenue Service failed to make or file a tax assessment." Dack appealed his conviction contending the trial court erred in instructing the jury. Affirming the conviction, the 7th Circuit Court of Appeals in a per curiam opinion held:

> Dack argues taht the government cannot obtain a conviction for tax evasion without a formal assessment that the undeclared tax was due in the first place. Dack cites *United States v. England*, 347 F.2d 425 (7th Cir. 1965), where this court reversed a tax evasion conviction because the trial court had instructed the jury to find a valid tax assessment, which the court defined as a necessary element of the offense charged. *Id.* at 430. We hold that *England* did not define a valid tax assessment as a necessary element of tax evasion in every case. Rather, *England* stands only for the proposition that where, under a peculiar set of facts, a valid tax assessment is a necessary element, the court cannot instruct the jury to find that element as a matter of law. Under the instant set of facts, a tax assessment was not a necessary element, and therefore the district court properly instructed the jury that the lack of a tax assessment was not a valid defense.
> Section 7201 of the Internal Revenue Code defines two distinct crimes: (1) the willful attempt "to evade or defeat any tax" and (2) the willful attempt to evade or defeat the "payment" of any

> tax. The first crime includes attempts to evade the Government's effort to ascertain a citizen's tax liability. The indictment charged Dack with this crime, rather than with the evasion of the "payment of tax."
>
> It is true that the existence of a tax deficiency is an element of both of both crimes defined in 26 U.S.C. §7201. Nevertheless, we agree with the Ninth Circuit's reasoning in *Voorhies* that this element can be satisfied without a formal tax assessment when the charge is that of willfully attempting to evade a tax. When, as here, the taxpayer fails to file a return, and the Government can show a tax liability pursuant to the provisions of the tax code, then a tax deficiency within the meaning of *section 7201* is deemed to arise by operation of law on the date the return is due.
>
> In England, the defendants were charged with the second crime proscribed by section 7201: evasion of the payment of tax. The tax liability in that case arose as a result of formal civil tax assessment proceedings. The indictment alleged that in the years following the assessments the defendants attempted to evade the payment of the liability by concealing the nature and extent of the property interests. Defendants contended that the invalidity of the tax assessments absolved them from any duty to pay the amounts assessed; their evasion of payment of those taxes, therefore, could not be punished. The Government conceded that its case hinged on demonstrating a legal assessment. Therefore, this court properly concluded that, under the facts presented, a valid tax assessment was a necessary element of the crime charged. (Internal citations omitted by the undersigned).

Therefore, the United States may prosecute a person for evasion of a tax that has been assessed and it may prosecute a person for evasion of a tax imposed but not assessed. Said another way, while assessment of the tax may not be required as an element of the crime of tax evasion, it may properly be a part of the proof to show a tax was imposed under §7201. United States v. Voohries, 658 F.2d 710, 714-715 (9th Cir. 1981).

**Regulations:**

IRS violation of its own regulations to not provide Defendant with procedural or substantive due process relief in the form of dismissal or suppression of evidence.

9

The regulations cited by Defendant relate to civil assessment and collection procedures. For instance, Defendant cites: 26 USCA §6201(a) for the proposition that "without a valid assessment, no tax can be due" and §6321 for the proposition that "[t]he IRS can only demand payment of an <u>assessed</u> tax" and 28 USCA §1341 for the proposition that "[t]he assessment is the official recording of tax liability that triggers levy and collection efforts." 26 USCA §6321 provides in pertinent part: "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." After careful reading of 26 USCA §6201(a) the undersigned is unable to find any provision therein which reaches counsel's stated assertion that "without a valid assessment, no tax can be due."

Defendant correctly cites <u>Hibbs v. Winn,</u> 124 S. Ct. 2276 (2004) for the stated proposition that: "[i]n tax law generally and under the Tax Injunction Act (TIA), the 'assessment' of a tax is the official recording of liability that triggers levy and collection efforts." However, <u>Hibbs</u> is a civil injunction case filed by taxpayers challenging an Arizona statute permitting tax credits for contributions to non-profit organizations supporting parochial schools as violative of the Establishment Clause. It is not a criminal prosecution where the government seeks punishment of a taxpayer for alleged evasion of taxes. The Court in <u>Hibbs</u> noted: "As used in the internal Revenue Code, the term 'assessment' involves a 'recording' of the amount the taxpayer owes the Government. The assessment is 'essentially a bookkeeping notation.'"(internal citations omitted) Id. 2285. The <u>Hibb's</u> Court appeared to favor the Government's identification of "'two important consequences' that follow from the IRS; timely tax assessment: '[T]he IRS may employ administrative enforcement methods such as tax liens and levies to collect the outstanding tax, and

10

'the time within which the IRS may collect the tax either administratively or by a proceeding in court is extended [from 3 years] to 10 years after the date of assessment'" citing United States v. Galletti, 541 U.S. 114, 124 S.Ct. 1548 (2004).

Defendant further asserts 26 U.S.C. §6331(a): "Authority of Secretary. - If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax ..." in support of his continued attempt to blur the lines of division between civil assessment and collection and criminal prosecution. He argues that, in the absence of an assessment and a demand for payment, particularly after he admitted he was liable for the whole of the tax, criminal prosecution was precluded. Defendant does not cite a single case in support of this proposition.

Defendant's remedy is a trial on the merits of the indictment or, in this case, the superseding indictment.

**Offer In Compromise**

The United States is not precluded from prosecuting Defendant for income tax evasion by the mere fact that an unaccepted offer in compromise was submitted. The Second Circuit Court of Appeals addressed a substantially similar matter in *United States v. Tenzer*, 127 F.3d 222 (1997). The Court held: "Taxpayer's offer in compromise, whereby he offered to pay only $250,000 of $1.3 million income tax liability, did not satisfy requirement that he make bona fide arrangements to pay his tax liability, as required to qualify for IRS's voluntary disclosure policy and avoid criminal prosecution, where taxpayer's offer was never accepted by IRS, and taxpayer did not comply with IRS directions that he become current of accruing taxes and make all required estimated tax payments, that he divest himself of several assets and begin making monthly payments of $7,000.00,

11

and that he make more substantial offer of approximately $600,000." The IRS "voluntary disclosure policy for avoiding criminal prosecution is not satisfied by mere offers to make payments; rather, policy requires specific plan, accepted by IRS, to satisfy outstanding tax liability." The reasoning underlying the decision is that there must be acceptance by the IRS of a bona fide arrangement to pay the existing tax liability in order to avoid criminal prosecution.

Section 7122 (a) provides: Authorization - The Secretary *may* compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the Attorney General or his delegate *may* compromise any such case after reference to the Department of Justice for prosecution or defense."(emphasis added by the undersigned).

In the instant case, Vaughn submitted an offer in compromise that was never accepted by the IRS. The mere making of an offer in compromise, bona fide or not, does not operate as a stay of criminal proceedings.

Defendant also argues without support of authority that the IRS is required to follow its own regulations with respect to the assessment of tax procedure; notice of the acceptance or rejection of Defendant's offer in compromise; Notice and Demand to Defendant of pursuant to the Internal Revenue Manual and any failure to do so precludes criminal prosecution. In essence, Defendant argues that he cannot be criminally prosecuted until the IRS responds to his offer in compromise and he has had the opportunity tp appeal an adverse decision relative to the decision.

Defendant relies heavily on Regulation 301.7122-1(g)(1) and (g)(6) which provide in pertinent part:

> (g)(1) *Effect of offer to compromise on collection activity - In general -* The IRS will not levy against the property or rights to property of a taxpayer who

12

> submits an offer to compromise to collect the liability that is the subject of the offer, during the period the offer is pending, for 30 days immediately following the rejection of the offer, and for any period when a timely filed appeal from the rejection is being considered by Appeals.
>
> (g)(6) *Proceedings in court* - Except as otherwise provided in this paragraph (g)(6), the IRS will not refer a case to the Department of Justice for the commencement of a proceeding in court, against a person named in a pending offer to compromise, if levy to collect the liability is prohibited by paragraph (g)(1) of this section. Without regard to whether a person is named in a pending offer to compromise, however, the IRS may authorize the Department of Justice to file a counterclaim or third-party complaint in a refund action or to join that person in any other proceeding in which liability for the tax that is the subject of the pending offer to compromise may be established or disputed, including a suit against the United States under 28 U.S.C. 2410. In addition, the United States may file a claim in any bankruptcy proceeding or insolvency action brought by or against such person.

Defendant Vaughn contends these sections read together make it mandatory that the United States not pursue Vaughn in a criminal case while his offer in compromise is pending because "case" includes a criminal case particularly when one aspect of the prosecution of a tax evasion case is "restitution" which Vaughn equates with seeking payment of the tax due. Vaughn further cites to United States v. Leahey, 434 F.2d 7 (1st Cir. 1970) and United States v. Hefner, 420 F.2d 809 (4th Cir. 1969) as authority to support his contention. Hefner was tried and convicted of two counts of claiming more exemptions than he was due as a protest against government inaction on claims that his business property had been taken by others. On appeal the convictions were overturned because the IRS agent who interviewed Hefner and obtained incriminating statements from him which were used at trial did not follow IRS regulations that provided even more protection than *Miranda.* Hefner is factually and legally distinguishable from the instant prosecution. The regulations cited by Vaughn do not prohibit prosecution for income tax evasion if an offer to compromise has been

13

made but not acted on by the IRS. Unlike the regulation in Hefner, the "will not refer a case" language is not the same as the mandate to provide specific constitutional warnings against making self incriminating statements. Nor is restitution on conviction what is meant by the "levy" language of the regulation. The language of (g)(6) read in totality leads the undersigned to conclude what is being prohibited is civil collection efforts while the offer in compromise procedures are in play. Had it been intended that the prohibition extend to criminal prosecutions for evasion, it would have been so written. In short the undersigned concludes that Hefner remains good law but is inapplicable to the situation before the Court.

**Motion In Limine**

    **Offer In Compromis**

On February 1, 2005, Defendant filed his motion in limine (Docket Entry 41). Defendant argued in the alternative that because the Government did not respond to his offer in compromise, but instead rejected it internally without notice and proceeded to indict him, the indictment against him should be dismissed or all evidence of the offer in compromise excluded. Defendant argues he relied on IRS Form 656 dealing with offers in compromise. He asserts Form 656 requires him to respond promptly to any request for additional information. He claims he expected that his offer in compromise was still pending and being considered by the IRS because he did not receive notice of its rejection nor did he receive any request for additional information. He also claims that had he known of a specific problem with his offer in compromise, he may have exercised his option to "amend his Offer." Pursuant to 26 C.F.R. §301.7122-1(T)(e)(1) and (2) Defendant argues the IRS cannot reject his offer in compromise without written notice, including notice of his right to appeal and without first having the rejection subjected to an independent administrative review. Defendant

14

again argues that the IRS cannot refer a case to the Department of Justice for the commencement of a proceeding in court against a person named in a pending offer of compromise if levey to collect the liability is prohibited by paragraph (g)(1) of IRS regulation §301.7122-1. Defendant again asserts a line of cases including United States v. Heffner, 420 F.2d 809 (4th Cir. 1969) for the proposition that the criminal prosecution case could not be referred by IRS to DOJ while his offer in compromise was pending.

Defendant's arguments in support of his motion to prohibit the introduction of evidence of his offer in compromise are the same arguments he made in his prior motion to dismiss the indictment and fail for the same reasons previously given. Heffner's conviction was reversed because he gave incriminating statements to agents in the context of the offer in compromise process without the agents following IRS procedures requiring *Miranda* type warnings not because the Government was precluded from proceeding to indict and prosecute for tax evasion after an offer in compromise was made and while it may be pending. Vaughn does not assert that he made incriminating statements.

**Acts Of Evasion**

**Paragraph 1 and Paragraph 2**

Vaughn packaged a motion to dismiss the indictment with a motion in limine (Docket Entry 35). With respect to the allegation that he (Vaughn) filed a false offer in compromise, he contends the allegation should be stricken because in the offer he said: "I understand that I remain responsible for the full amount of the tax liability unless and until IRS accepts the offer in writing and I have met all of the terms and conditions of the offer." Rephrased, Vaughn's argument is: I cannot be guilty of evasion because I agreed I was liable for the tax if my offer was rejected. Such an argument

15

ignores that the filing of the offer could be considered an act of evasion. Such an argument ignores that secreting or funneling away assets (from 1999 forward) to be used to pay a higher amount due than contained in the September 27, 1999 offer in compromise of a 1993 tax could constitute evasion. Such an argument ignores that secreting or funneling away assets to make it appear that the amount offered is all the taxpayer can pay may constitute evidence of evasion.

The undersigned concludes that the acts alleged in paragraphs 1 and 2 are not irrelevant under Rule 401, 402 or 403.

**Paragraphs 3 and 4**

The undersigned also concludes that the depositing of large amounts of money in a bank account held in the name of a corporation controlled by Vaughn between 1998 and April 2002 and alleged concealment of income between 1999 and 2002 could constitute acts of evasion of the payment of a 1993 tax obligation particularly in light of the September 27, 1999 offer in compromise wherein Vaughn offered only a fraction of the tax allegedly due.

**Paragraph 5**

Paragraph 5 alleges that "On this additional taxable income the Defendant owed approximately $186, 647.00 to the Internal Revenue Service." Vaughn complains that "[i]t simply does not matter how much [he] allegedly owed for the tax years 1999 through 2002, since he hasn't been charges in Count 1 with evading any taxes for those years." Even though he is not charged with evasion during those years, the evidence is relevant to proof of plan or scheme particularly in light of the 1999 offer in compromise. Any prejudice may be alleviated by proper instructions to the jury in the Court's charge.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion To Dismiss" (Docket Entry 34); his "Motion To Dismiss Of The Indictment Or In The Alternative Motion In Limine To Exclude Evidence Regarding Certain Allegations In The Indictment" (Docket Entry 35); and his "Motion In Limine And Supplemental Points And Authorities In Support Of Motion To Dismiss" (Docket Entry 41) be **DENIED.**

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed findings and 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The United States Clerk for the Northern District of West Virginia is directed to provide a copy of this order to all counsel of record.

DATED: September 4, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE